# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVION LEMAR BROOKS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NORTH KERN STATE PRISON, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:23-cv-01751-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.   Background

Plaintiff Davion Lemar Brooks ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On April 26, 2024, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 11.) The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 11.) Plaintiff failed to file an amended complaint

or otherwise communicate with the Court, and the deadline to do so has expired.

**II.      Failure to State a Claim**

     **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

     **B.      Plaintiff's Allegations**

Plaintiff is currently housed at North Kern State Prison ("NKSP") in Delano, California. Plaintiff alleges that the events in the complaint occurred while he was housed at NKSP. Plaintiff names as defendants: (1) North Kern State Prison, and (2) Assistant Warden at NKSP.

Plaintiff alleges in claim 1 as follows.

> The ADW disclosed confidential 602 grievance info to three STG building representative in C-2 dormitory on 11/8/2023 at 2:10 pm.

2

> After interviewing me for the 602 I submitted on 10/31/2023
>
> She did this as retaliation for the 602 pertaining to state policy. I observed her do the whole thing. She also stated misconduct statement toward me in my face. That was discriminatory. On 11/10/2023 me and another inmate was set up by the same inmates she called in the office and disclosed the 602 to. On 11/9/2023 at 10:20 pm I was confronted by seven inmates. That told me not to write the warden up because she threatened to retaliate towards them if they allowed it. Mr. Smith was attacked by three inmates for warning me of an attack later that night I had to save Mr. Smith from the assault in a non-combative manner and me and Mr. Smith and the other inmate was wrote up to cover the truth.

(ECF No. 1, p. 3 (edited for spelling and readability).)

As injury, Plaintiff alleges that Mr. Smith received injuries to his face and head and Plaintiff received a twisted ankle. They both got minor injuries and lost 90 days.

In claim 2, Plaintiff alleges as follows:

> The assistant warden violated are [sic] right as CDCR inmates. Their policy states; we have the rights to a safe incarceration free from retaliation and discrimination. Title 15 3321.5  3271  3483(e)  3004 (A)(B)(C)  She violated the CDCR Department Operation Manual and caused us to be harmed by her action.

(ECF No. 3, p. 4.)  As injuries, Plaintiff alleges "we" got minor injuries and lost 90 days of time.

In claim 3, Plaintiff alleges as follows:

> On 11/28/2023 at 8:15 pm myself and Mr. Smith had an unfair RVR hearing. The officer did not review the RVR supplemental and take into account that the CO that made the report. Statements were inconsistent with his first report. First he said we were all fighting near C section stair case. He said were we're all striking each other in the head and upper torso area with their fists. He stated he was monitoring from the officer podium in the day room. This is CO Mr. Cotton report. On the investigative employee report I got to ask three questions. The third question was when you were in your office sitting at your desk when Mr. Smith was attacked by three people where was I during the assault? He states refer to report. You were located in the day room near the C section stair case. He's admitting to a different story he said he was at the podium when the incident started. They ignored this and admitted to us that he was going off the officer word and not the physical evidence. Just the statements from the CO Mr. Cotton.

(ECF No. 3, p. 5 (edited for spelling and readability).)  Plaintiff alleges that he and Mr. Smith received 90 days more added to their sentences and it was a cover up.

///

///

3

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

### 1.     Standing to Sue on Behalf of Other Plaintiffs

Insofar as Plaintiff is attempting to assert claims on behalf of other individuals such as Inmate Smith, he may not do so.  Plaintiff may only represent his own legal interests; he may not represent the legal interests of other inmates or other individuals.  "A litigant appearing in propria persona has no authority to represent anyone other than himself" in a civil rights action.  *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners.  Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (citations omitted).).  "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

### 2.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a plain statement of his claims.  Many of Plaintiff's allegations is conclusory as to what happened or when it happened.  The allegations are unclear what happened in claim one and who was involved.  Plaintiff's conclusory allegations regarding what happened, when it happened, or which defendant was involved are insufficient.

4

### 3. *Heck* Bar

Plaintiff may be attempting to challenge events of his RVR conviction and added time to his sentence. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Plaintiff's damages allegations expressly implicate the validity of his confinement. However, Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

### 4. *Habeas Corpus*

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

///

**5.      False Rules Violation Report and Disciplinary Hearing**

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2–3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").  Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.  The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71.  As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).  In addition, "some evidence" must support the decision of the hearing officer,

*Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements. Moreover, Due Process is not violated where the hearing officer failed to believe certain evidence or chose to believe other evidence. Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by the *Wolff* elements.

### 6. Linkage Requirement

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff fails to link the Assistant Warden Pfeiffer to any alleged wrongdoing. Liability based upon respondeat superior is not permissible.

### 7. Supervisory Liability

To the extent Plaintiff seeks to hold the Assistant Warden, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord

*Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### 8. Eleventh Amendment

Plaintiff has named KVSP as a defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

As KVSP is immune under the Eleventh Amendment, Plaintiff cannot pursue claims for damages or injunctive relief against the State or KVSP in this action. Plaintiff's claim for monetary damages also is barred by the Eleventh Amendment.

///

///

**9.     Eighth Amendment – Failure to Protect**

Plaintiff may be attempting to allege a threat to safety.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832.  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837.  Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Plaintiff does not state cognizable claim.  The Court is unable to understand the sequence of events and who was involved in claim 1.  The allegations are too vague for the Court to understand how or why Defendant Assistant Warden failed to protect, or set up, Plaintiff to be attacked.

///

**10. Title 15 Claim**

Plaintiff alleges various violations of Title 15 and CDCR policies.

To the extent that defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

1  (dismissal for failure to comply with court order).

2  In determining whether to dismiss an action, the Court must consider several factors:
3  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
4  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
5  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
6  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

7  **B.     Discussion**

8  Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the
9  Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his
10 case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

11 The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
12 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
13 *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
14 dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d
15 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose
16 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
17 progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*
18 *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

19 Finally, the Court's warning to a party that failure to obey the court's order will result in
20 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
21 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's April 26, 2024 screening
22 order expressly warned Plaintiff that his failure to file an amended complaint would result in a
23 recommendation of dismissal of this action, with prejudice, for failure to obey a court order and
24 for failure to state a claim. (ECF No. 11, p. 11.) Thus, Plaintiff had adequate warning that
25 dismissal could result from his noncompliance.

26 Additionally, at this stage in the proceedings there is little available to the Court that
27 would constitute a satisfactory lesser sanction while protecting the Court from further
28 unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in

11

this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.     Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 11, 2024**                              /s/ *Barbara A. McAuliffe*  
                                                                      UNITED STATES MAGISTRATE JUDGE