**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVION LAMAR BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> NORTH KERN STATE PRISON, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-1751 JLT BAM (PC) <br><br> ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE <br><br> (Doc. 13) |

Davion Lamar Brooks is a state prisoner, who sought to hold the defendants—including North Kern State Prison and the assistant warden at the facility—liable for violations of his civil rights. (*See* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim upon which relief may be granted. (Doc. 11 at 4-11.) The magistrate judge observed that Plaintiff appeared to challenge his RVR conviction and resulting time added to his sentence. (*Id.* at 4.) The magistrate judge noted that Plaintiff's "damages allegations expressly implicate the validity of his confinement," and found such claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See id.* at 4-5.) To the extent Plaintiff seeks to challenge his conviction, the magistrate judge observed that his remedy lies with habeas corpus relief. (*Id.* at 5.) The magistrate judge determined claims against North Kern State Prison were barred by the Eleventh Amendment. (*Id.* at 7-8.) Finally, the magistrate judge found the allegations were insufficient to state a claim against the assistant warden. (*Id.* at

1

1  7, 8-9.)  The Court then granted Plaintiff an opportunity to file an amended complaint.  (*See id.* at
2  10.)

3     After Plaintiff did not file an amended complaint, the magistrate judge issued Findings
4  and Recommendations, recommending the action be dismissed with prejudice.  (Doc. 13.)  The
5  magistrate judge reiterated the findings in the Screening Order, again finding that Plaintiff's
6  failed to state a claim, and some claims were barred by *Heck* and the Eleventh Amendment.
7  (Doc. 13 at 2-10.)  In addition, the magistrate judge found terminating sanctions were appropriate
8  for Plaintiff's failure to prosecute the action and failure to obey the Court's order to file an
9  amended complaint, after considering the factors identified by the Ninth Circuit.  (*Id*. at 10-12.)
10 Although the Court served the Findings and Recommendations on Plaintiff, the U.S. Postal
11 Service returned the document as "Undeliverable, Return to Sender, Refused, Unable to Forward,
12 Inactive" on June 24, 2024.[1]

13     According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the action.
14 Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to state
15 a cognizable claim is supported by proper analysis.  Likewise, the finding that terminating
16 sanctions are appropriate are supported by the record and properly analysis.  However, it is
17 unclear whether Plaintiff could not cure pleading deficiencies or seek habeas relief, such that the
18 action should be dismissed *with* prejudice.[2]

19     To the extent Plaintiff stated claims that are barred by *Heck* because he challenges the
20 validity of his conviction, dismissal on such grounds should be without prejudice. *See*
21 *Washington v. L.A. County Sheriff's Dep't*, 883 F.3d 1048, 1056 (9th Cir. 2016) ("a *Heck*
22 dismissal is made without prejudice"); *see also Ronje v. King*, 667 Fed. Appx. 968, 969 (9th Cir.
23 2016) (where the plaintiff's Section 1983 claim barred by *Heck*, the district court erred in
24 dismissing the action with prejudice and the matter was remanded "for entry of dismissal without
25 prejudice").  In addition, because "[t]he Eleventh Amendment is a limit on federal courts'

---

[1] Pursuant to Local Rule 183(b), any Notice of Change of address was due within 63 days.  To date, Plaintiff has not notified the Court of his current mailing address.

[2] The magistrate judge initially found Plaintiff should be granted leave to amend to cure the pleading deficiencies or to seek habeas relief. This suggests the claims are not entirely futile. (*See* Doc. 11 at 10.)

jurisdiction," the Ninth Circuit indicate dismissal should be without prejudice. *Freeman v. Oakland unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). Finally, dismissal without prejudice is also a suitable sanction for Plaintiff's failure to prosecute. *See Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute"). For these reasons, the Court declines to dismiss the action with prejudice, but instead modifies the dismissal to be without prejudice. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 12, 2024 (Doc. 13) are **ADOPTED** in part.
2. The action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 3, 2024**

UNITED STATES DISTRICT JUDGE